LAW OFFICES OF SCOTT R. AMES
A PROFESSIONAL CORPORATION
Scott R. Ames, Bar No. 146093
Erin M. Kelly, Bar No. 308309
1880 Century Park East., Suite 614
Los Angeles, CA 90067
Tel: (310) 478-2500
Fax: (310) 478-2501
scott@scottameslaw.com
erin@scottameslaw.com
Attorneys for Plaintiff RUTH GAMBOA

CAROTHERS DiSANTE & FREUDENBERGER LLP
Kimberly M. Jansen, Bar No. 243216
707 Wilshire Blvd., Suite 5150
Los Angeles, CA 90017
Tel: (213) 612-6300
Fax: (213) 612-6301
kjansen@cdflaborlaw.com

MARTENSON, HASBROUCK & SIMON LLP
Elizabeth Bulat Turner, GA Bar No. 558428, *Admitted Pro Hac Vice*
Rachel Zisek, GA Bar No. 958840, *Admitted Pro Hac Vice*
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA 30326
Tel: (404) 909-8100
Fax: (404) 909-8120
bturner@martensonlaw.com
rzisek@martensonlaw.com
Attorneys for Defendants
ACCESS GENERAL INSURANCE AGENCY
OF CALIFORNIA, LLC; ACCESS CORPORATE
SERVICES, LLC; and ACCESS HOLDCO
MANAGEMENT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH GAMBOA,<br><br>    Plaintiff,<br><br>vs.<br><br>ACCESS GENERAL INSURANCE AGENCY OF CALIFORNIA, LLC; ACCESS CORPORATE SERVICES, LLC; ACCESS HOLDCO MANAGEMENT, LLC; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No: CV17-04316 RGK(JCx)<br><br>[Assigned to the Honorable R. Gary Klausner]<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER AS MODIFIED**<br><br>COMPLAINT FILED: February 22, 2017<br>TRIAL DATE: April 24, 2018 |

The parties have submitted a Stipulated Protective Order, Docket Entry No. 31 ("Stipulation"), seeking an Order protecting confidential, proprietary or private information produced or exchanged in discovery.

The Court, having reviewed the Stipulation, and good cause appearing, hereby GRANTS the Stipulation with the following modifications:

1.    Paragraph 3, entitled "SCOPE" is modified to read as follows:

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

2.    In the fifth line of text in Paragraph 4, the word "trail" is changed to "trial".

3.    In the fourth line of the last (unnumbered) subparagraph of Paragraph 8, the following is added after "Designating Party's permission": "or unless otherwise required by the law or court order."

4.    Paragraph 9(c) is modified to read as follows:

If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying

information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

IT IS SO ORDERED.

DATED: November 20, 2017

_____
/s/

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE